# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: Sheila K. Glaspell, Debtor. | Case No. 5:17-bk-00301 \| Chapter 7 |
| Sheila K. Glaspell, Plaintiff, v. Internal Revenue Service, Defendant. | Adversary Proceeding No. 5:19-ap-36 |

## UNITED STATES OF AMERICA'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS OR FOR SUMMARY JUDGMENT

The United States of America, through counsel, on behalf of the Internal Revenue Service ("IRS"), respectfully requests that this Court dismiss this adversary proceeding or, alternatively, grant summary judgment for the United States of America for the reasons detailed herein

## BACKGROUND

Plaintiff Sheila Glaspell filed for Chapter 7 bankruptcy protection on March 22, 2017. *See* Case No. 5:17-bk-00301, Bankruptcy Petition, Docket Entry No. 1.

The IRS subsequently filed an amended proof of claim, categorized as follows:

| CLAIM | AMOUNT |
|---|---|
| Unsecured Priority | $1,772.03 |
| Unsecured General | $12,311.58 |
| **TOTAL** | **$14,083.61** |

*See* Case No. 5:17-bk-00301, Claim 1-2.

Ms. Glaspell filed this adversary proceeding on August 16, 2019. *See* Complaint, ECF No. 1. Ms. Glaspell later amended her complaint. *See* Amended Complaint, ECF No. 18.

## LEGAL STANDARDS

**A. Motion to Dismiss – Lack of Jurisdiction and Failure to State a Claim.**

Federal Rule of Civil Procedure 12(b) applies to adversary bankruptcy proceedings. Fed.

1

R. Bank. P. 7012(b).

A party responding to an adversary complaint may move to dismiss the action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental, threshold question of whether a court is authorized to adjudicate a claim. Fed. R. Civ. P. 12(b)(1). Indeed, a jurisdictional inquiry is foundational and asks whether a court has the "power to hear a case." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 US. 247, 254 (2010) (internal quotations and citations omitted). Accordingly, a court must first determine whether it has subject matter jurisdiction before addressing the substance of a case. *Flue-Cured Tobacco Coop. Stabilization Corp. v. U.S.E.P.A.*, 313 F.3d 852, 857 (4th Cir. 2002) (citing *Owens-Illinois, Inc. v. Meade,* 186 F.3d 435, 442 n. 4 (4th Cir.1999)).

The plaintiff bears the burden to prove that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)).

In deciding whether jurisdiction exists, a court is to consider the pleadings as mere evidence, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.* (additional citations omitted). If a court determines <u>at any time</u> that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A party responding to an adversary complaint may also move to dismiss the action for failure to state a viable legal claim. Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must be more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). This Court need

2

not accept unsupported legal allegations or legal conclusions couched as factual allegations. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.  Summary Judgment.**

Federal Rule of Civil Procedure 56 applies to adversary bankruptcy proceedings. Fed. R. Bank. P. 7056. Accordingly, this Court is empowered to grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of *some* alleged factual dispute" does not preclude summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-50 (1986). (emphasis in original). Instead, a party opposing summary judgment must present sufficient evidence to support an alleged factual dispute. *Anderson,* 477 U.S. at 249-250 (citations omitted). Such evidence must be more than speculative. *Id*. The evidence must be probative enough to require a judge or jury to resolve differing versions of the truth at a trial. *Id*.

Federal Rule of Civil Procedure 56 "mandates" summary judgment against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where a party fails to support an essential element of his case, there is no genuine dispute regarding <u>any</u> material fact because "a complete failure of proof concerning an essential element" of a legal claim "necessarily renders all other facts immaterial." *Id*. at 322-23.

## ARGUMENT

**A.  Automatic stay and collection.**

With certain exceptions, the Tax Anti-Injunction Act prohibits any lawsuit "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421. That statute is designed

3

to allow the government to assess and collect taxes as expeditiously as possible with a minimum of preemptive judicial interference and to require that the legal rights to any disputed sums be determined later in a lawsuit for a refund. *See Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7 (1962). Pursuant to the forgoing legal framework, the Tax Anti-Injunction Act generally prohibits Ms. Glaspell from pursuing a lawsuit to prohibit the IRS from collecting the amounts owed by Ms. Glaspell.

Here, Ms. Glaspell concedes that when this Court discharged her bankruptcy, the automatic stay expired. Amended Complaint, ECF No. 18 at ¶ 9. This Court specifically and expressly advised Ms. Glaspell that debts for most taxes are not discharged through bankruptcy. Order Discharging Debtor, ECF No. 26 at 2. As further detailed herein, the taxes associated with each and every tax period contained in the IRS amended proof of claim are not discharged through bankruptcy, contrary to Ms. Glaspell's assertion in ¶ 9 of her amended complaint. Amended Complaint, ECF No. 18 at ¶ 9. Indeed, in a footnote in her amended complaint, Ms. Glaspell concedes that she remains liable for these taxes. Amended Complaint, ECF No. 18 at 3 n.1.

Where a taxpayer fails to file a tax return, the associated tax obligation is not discharged through bankruptcy. 11 U.S.C. § 523(a)(1)(B)(i). Ms. Glaspell failed to file a federal tax return for the tax periods ending December 31, 2007, December 31, 2008, and December 31, 2011. *See* Exhibit 1, Adriene Mines Declaration at ¶¶ 5-7; Case No. 5:17-bk-00301, Claim 1-2. Accordingly, the tax obligations for those tax periods are not discharged. 11 U.S.C. § 523(a)(1)(B)(i).

A tax for which a return is due within three years before a debtor files a bankruptcy petition is not discharged through bankruptcy. 11 U.S.C. § 523(a)(1)(A); 11 U.S.C. § 507(a)(8)(A)(i). Further, a tax assessed within two-hundred forty (240) days before a debtor files a bankruptcy petition is not discharged through bankruptcy. 11 U.S.C. § 523(a)(1)(A); 11 U.S.C. §

4

507(a)(8)(A)(ii). Ms. Glaspell filed for bankruptcy protection on March 22, 2017. *See* Case No. 5:17-bk-00301, Bankruptcy Petition, Docket Entry No. 1. Any tax for which a return was due within three years before Ms. Glaspell filed the petition, or between March 22, 2014 and March 22, 2017, is not discharged through bankruptcy. 11 U.S.C. § 523(a)(1)(A); 11 U.S.C. § 507(a)(8)(A)(i). Further, any tax assessed within the two-hundred forty (240) days before Ms. Glaspell filed that petition, or between July 25, 2016 and March 22, 2017, is not discharged through bankruptcy. 11 U.S.C. § 523(a)(1)(A); 11 U.S.C. § 507(a)(8)(A)(ii). Ms. Glaspell's federal tax return for the tax period ending December 31, 2013 was due April 15, 2014, less than three years before Ms. Glaspell filed for bankruptcy. *See* Exhibit 1, Adriene Mines Declaration at ¶ 8. Additionally, the IRS assessed the tax owed by Ms. Glaspell for the tax period ending December 31, 2013 on October 10, 2016, less than two-hundred forty (240) days before she filed for bankruptcy. *See* Case No. 5:17-bk-00301, Claim 1-2. Accordingly, that tax obligation is not discharged through bankruptcy. 11 U.S.C. § 523(a)(1)(A); 11 U.S.C. § 507(a)(8)(A)(i)-(ii).

Based on the forgoing, the tax obligations associated with each and every tax period contained in the IRS amended proof of claim are not discharged through bankruptcy. *See* Case No. 5:17-bk-00301, Claim 1-2.

Moreover, the function of the automatic stay is to stop collection efforts against a debtor, outside of the bankruptcy proceeding. It gives the debtor a "breathing spell" in order to reorganize her financial affairs. And, it prohibits harassment of the debtor. *See Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289, 292 (4th Cir.1986). The automatic stay does not, however, prevent the reasonable collection of debts that are not discharged through bankruptcy. *Id*. Here, Ms. Glaspell has not discernibly articulated the legal theory upon which she is relying to support her request for this Court to reinstate the automatic stay. However, Ms. Glaspell is essentially

5

asking this Court to enjoin the IRS from collecting her tax debt. Any request for injunctive relief requires proof of harm to the party requesting the injunction. Notably, Ms. Glaspell concedes in her amended complaint that the IRS is only garnishing approximately $250 per month from her monthly social security income of $1,672, leaving Ms. Glaspell in excess of $1,400 in disposable income each month. *See* Amended Complaint, ECF No. 18 at ¶¶ 9 and 10. Accordingly, Ms. Glaspell has not established that any ongoing collection efforts by the IRS to collect tax obligations that were not discharged through bankruptcy has caused any undue burden or hardship. Indeed, Ms. Glaspell has not identified any cognizable legal basis to reinstate the automatic stay in this case or to enjoin the IRS from collecting the federal tax debt owed by Ms. Glaspell.

**B. Assignment or subrogation of IRS claim to Sheila Glaspell.**

First, and most fundamentally, Ms. Glaspell has offered to personally pay the IRS claim in full. *See* Amended Complaint, ECF No. 18 at ¶ 18. If Ms. Glaspell does, in fact, pay the IRS claim in full, the claim will be satisfied and legally extinguished, leaving no claim to assign or subrogate.

Moreover, Ms. Glaspell mistakenly relies upon 11 U.S.C. § 509 to allege that she is entitled to have this Court compel the IRS to assign or subrogate its claim to her. The statutory provisions outlined in 11 U.S.C. § 509 apply to claims of **_co-debtors_**. *See* 11 U.S.C. § 509.

Ms. Glaspell is the only debtor in this case. *See* Case No. 5:17-bk-00301, Bankruptcy Petition, Docket Entry No. 1. Ms. Glaspell mistakenly attempts to characterize the bankruptcy estate as a co-debtor. *See* Amended Complaint, ECF No. 18 at 3-4. However, the bankruptcy estate is merely a consolidation of various property of the debtor, not a separate and independent co-debtor. 11 U.S.C. § 541. Accordingly, the provisions of 11 U.S.C. § 509 governing the claims of co-debtors are inapplicable to the bankruptcy estate and unavailable to compel the IRS to assign its claim to Ms. Glaspell.

## <u>CONCLUSION</u>

Based on the forgoing, Ms. Glaspell has failed to adequately plead and cannot support any viable legal claim. Accordingly, the United States of America, on behalf of the IRS, respectfully requests that this Court dismiss this adversary proceeding or, alternatively, grant summary judgment for the United States of America.

Respectfully Submitted,
William J. Powell
United States Attorney

By:   /s/ Tara N. Tighe
Tara N. Tighe
WV Bar No. 12931
Assistant United States Attorney
P.O. Box 591
1125 Chapline Street
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 13, 2020, I electronically filed the forgoing document with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record in this case.

                By: /s/ Tara N. Tighe
                    Tara N. Tighe
                    WV Bar No. 12931
                    Assistant United States Attorney
                    P.O. Box 591
                    1125 Chapline Street
                    Wheeling, WV 26003
                    Phone: (304) 234-0100
                    Fax: (304) 234-0112