Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHEILA K. GLASPELL, ) | Case No.: 5:17-bk-00301 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____) | |
| ) | |
| SHEILA K. GLASPELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AP No.: 5:19-ap-36 |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| ON BEHALF OF ITS AGENCY THE ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

The United States of America on behalf of its agency the Internal Revenue Service (the "Defendant"), seeks the dismissal of this adversary complaint filed against it by Sheila K. Glaspell (the "Debtor"), or in the alternative, summary judgment. In its motion, the Defendant contends that the court should dismiss this adversary proceeding because the court lacks subject matter jurisdiction and the Debtor fails to state a claim upon which relief can be granted. In the alternative, the Defendant contends that this proceeding warrants summary judgment, because there are no genuine issues of material fact and it is entitled to judgment as a matter of law.

The Debtor's complaint seeks (1) the re-imposition of the automatic stay or a similar injunction to stop the Defendant's collection activities and (2) the assignment or subrogation of the Defendant's claim against the Debtor's bankruptcy estate upon her satisfaction of that claim. The Debtor opposes dismissal and summary judgment.

1

For the reasons stated herein, the court will grant the Defendant's motion in part and deny it in part.

## I.  BACKGROUND

The facts in this case are largely undisputed. Ms. Glaspell failed to file her federal tax returns for the tax periods ending December 31, 2007; December 31, 2008; and December 31, 2009. On March 22, 2017, she filed for relief under Chapter 7 of the Bankruptcy Code. Thomas H. Fluharty (the "Trustee") was appointed the Chapter 7 trustee. The Trustee designated the Debtor's case as one with assets to be liquidated for the benefit of unsecured creditors. On December 20, 2017, the Defendant filed an amended proof of claim asserting an unsecured, priority debt of $1,772.03, and a general, unsecured claim of $12,311.58.

On June 28, 2017, the Debtor received a discharge and lost the protections of the automatic stay. Nevertheless, the Defendant's claim, both the priority and unsecured portions, was excepted from discharge because Ms. Glaspell failed to file tax returns for the aforementioned tax periods. According to the Debtor, the Trustee anticipated paying the Defendant its claim in full with funds held in the bankruptcy estate. As of a January 16, 2020 hearing in this proceeding, the Trustee held over $70,000.00 to be distributed to creditors, including the Defendant.

Before this adversary proceeding, the Defendant agreed to an informal arrangement with the Debtor to suspend collection for a period of time; however, the precise details of this agreement remain unknown to the court. To date, the Trustee has not paid the Defendant in full, and the Defendant resumed collection on its debt for the non-discharged taxes when the informal agreement lapsed. The Defendant garnished the Debtor's income, which consists of approximately $1,672.00 per month via Social Security payments, at a rate of approximately $250.00 per month.

Of importance to this proceeding, the Debtor allegedly offered to pay the Defendant its full claim in exchange for the assignment of a portion of the priority claim against the bankruptcy estate, but the Defendant refused. On August 16, 2019, the Debtor filed this adversary proceeding seeking to enjoin the Defendant and obtain the claim through assignment or subrogation under 11 U.S.C. § 509(a). The Defendant seeks dismissal of this proceeding or summary judgment.

## II.  STANDARD OF REVIEW

The Defendant invokes subparagraphs (1) and (6) of Fed. R. Civ. P. ("Rule") 12(b) in seeking dismissal of the Debtor's complaint. Additionally, it implicates Rule 56 in seeking summary judgment. However, the court only will address the Rule 12(b) motions.

**A. Motion to Dismiss**

When a motion implicating Rule 12(b)(1), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b), is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the debtor. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court is to regard the pleadings' allegations as mere evidence on the issue, and a court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment. *Id.*; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987).

Under Rule 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In fact, the court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

B. **Summary Judgment**

Rule 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, provides that summary judgment is appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: (1) the apparent absence of any genuine dispute of material fact; and (2) the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material—thereby precluding summary judgment—only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted). The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw*, 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. The court should not make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986).

### III.   DISCUSSION

The Defendant asserts two theories upon which the court should dismiss this adversary proceeding. First, the Defendant moves to dismiss this proceeding for a lack of subject matter jurisdiction under Rule 12(b)(1). Specifically, the Defendant contends that the court lacks subject matter jurisdiction, because the Anti-Injunction Act ("AIA") prohibits any lawsuit, including this proceeding, that restrains the assessment or collection of any tax. However, the Debtor argues that the court possesses subject matter jurisdiction to hear this case. Nevertheless, this proceeding ultimately depends on the applicability of § 509(a) of the Bankruptcy Code.

4

Second, the Defendant seeks to dismiss this proceeding for failure to state a claim upon which relief can be granted. However, the Debtor opposes dismissal and asserts that she states a claim upon which relief can be granted: (1) to re-impose the automatic stay or similar injunction pending an interim or final distribution by the Trustee; and (2) the bankruptcy estate and the Debtor are co-debtors within the scope of § 509(a) such that the statute is applicable in this case to assign or subrogate the Defendant's claim to the Debtor.

In the alternative to its motion to dismiss, the Defendant moves for summary judgment. With respect to the aforementioned § 509(a) claim, the Defendant contends that no genuine issue of material fact exists, and the Defendant is entitled to judgment as a matter of law. Specifically, the Defendant pleads that the bankruptcy estate and the Debtor as an individual are not "co-debtors." Conversely, the Debtor appears to argue that a disputed, material fact remains, and the Defendant is not entitled to judgment as a matter of law.

**A. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Despite the Defendant's argument, the court has subject matter jurisdiction over this proceeding. "District courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A standing order of reference issued by the district court for this district refers such proceedings to this court pursuant to 28 U.S.C. § 157(a). Importantly, the "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).

A proceeding "arises under" title 11 where either bankruptcy law creates the relief sought or the right to relief necessarily depends on resolution of a substantial question of bankruptcy law. *Poplar Run Five Ltd. P'ship v. Virginia Elec. & Power Co. (In re Poplar Run Five Ltd. P'ship)*, 192 B.R. 848, 855 (Bankr. E.D.Va. 1995) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); accord *Dwyer v. First Nat'l Bank (In re O'Brien)*, 414 B.R. 92, 98 (Bankr. S.D.W. Va. 2009) ("[A] proceeding [arises under title 11 or arises in the bankruptcy case] . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). Proceedings that "arise in" bankruptcy are "claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." *Stoe v. Flaherty*, 436 F.3d 209, 218 (3rd. Cir. 2006). These claims include "administrative matters, orders to turn over property of the estate and

5

determinations of the validity, extent or priority of liens." 1 COLLIER ON BANKRUPTCY ¶ 3.01[3][e][iv] (Richard Levin & Henry J. Sommer eds., 16th ed.).

Proceedings are "related to" a bankruptcy case when "the outcome . . . could conceivably have any effect on the estate . . . [and] could alter the debtor's rights, liabilities, options, or freedom of action . . . ." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984); *see New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) ("This court has adopted the Pacor 'related to' test . . ."). "[T]he Pacor test does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate." *Owens–Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 626 (4th Cir. 1997); *Celotex Corp.*, 514 U.S. at 308 n.6 ("Whatever ['related to'] test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor.").

Here, the Defendant's AIA argument is not one truly about jurisdiction but whether the court possesses the authority to grant relief to the Debtor.[1] Based on its review of the complaint, the court believes that it possesses subject matter jurisdiction. At the very least, this adversary proceeding relates to the bankruptcy case because the Debtor's claim could only arise in the context of her case and the outcome of this proceeding could affect the bankruptcy estate and alter the Debtor's rights and liabilities to a creditor. Moreover, an assignment of the claim of $14,083.61 for non-discharged priority and non-priority tax obligations from the Defendant to the Debtor as an individual would affect the relative obligations of the bankruptcy estate and the Debtor. If the Debtor were to succeed in her action under § 509(a), the result would alter the liabilities of the Debtor and the bankruptcy estate. Such an assignment would also affect the Trustee's distributions from the property of the estate. Therefore, this proceeding is undoubtedly related to the Debtor's bankruptcy case, and the court will deny the Defendant's motion under Rule 12(b)(1).

## B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

The Defendant also moves to dismiss this adversary proceeding for a failure to state a claim upon which relief can be granted under Rule 12(b)(6). Specifically, the Defendant seeks to dismiss

---

[1] The Defendant's AIA argument goes to whether the Debtor may reimpose the automatic stay or impose a similar injunction to prevent the Defendant from collecting on the non-discharged tax debt. The court does not view this as a true subject matter jurisdiction argument. However, the court does find the AIA significant in this case, and will address the applicability of the AIA.

6

the Debtor's claims to (i) re-impose the automatic stay or issue a similar injunction with respect to collection activities of the Defendant, and (ii) require assignment or subrogation of the Defendant's claim to the Debtor as an individual.  Conversely, the Debtor opposes dismissal.  She argues that she states two plausible claims.

For the following reasons, the court will grant the Defendant's motion to dismiss regarding the re-imposition of the automatic stay or issuance of a similar injunction, and will grant the Defendant's motion to dismiss regarding the assignment or subrogation of the claim.

**i.      Re-imposition of the Automatic Stay or Similar Injunction**

The Debtor requests that the court reimpose the automatic stay.  The automatic stay is a statutory injunction against debt collection from a debtor. 11 U.S.C. § 362(a).  It provides a debtor with a breathing spell and protects a debtor from any action that would interfere with a debtor's ability to effectively reorganize.  *See Houck v. Substitute Trustee Servs.*, 791 F.3d 473, 480-81 (4th Cir. 2015).  The automatic stay arises when a debtor files a case, but terminates once a debtor receives a discharge. 11 U.S.C. § 362(c)(2)(C).  The discharge replaces the automatic stay and enjoins collection of debts, with an exception for non-dischargeable debts. *Id*. § 524(a).  Notably, the Bankruptcy Code does not expressly contemplate reinstating the automatic stay post-discharge. *See id.* § 362; *see also Burke v. United States (In re Burke)*, 198 B.R. 412, 416 (Bankr. S.D. Ga. 1996) ("the Code does not reinstate the automatic stay once it has terminated").

The Debtor alternatively requests that the court "issue an injunction of similar import."  A bankruptcy court may issue an injunction pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7001(7). *See Colonial Penniman, LLC v. Williams (In re Colonial Penniman, LLC)*, 575 B.R. 664, 686–87 (Bankr. E.D. Va. 2017); 2 COLLIER ON BANKRUPTCY ¶ 105.03 (Richard Levin & Henry J. Sommer eds., 16th ed.).  Bankruptcy courts have recognized that discretionary stays may be appropriate in some cases. 2 COLLIER ON BANKRUPTCY ¶ 105.03 (Richard Levin & Henry J. Sommer eds., 16th ed.).  Under § 105, the basis for such stays, a request for relief must meet traditional requirements for an injunction. *Id.*  In the Fourth Circuit, the issuance of a permanent injunction requires that a party demonstrate:

> [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.

*Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F.3d 342, 346 (4th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 55 U.S. 7, 20 (2008)).

7

Importantly, the AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Nonetheless, the automatic stay applies to tax claims held by the IRS. *United States v. Macher (In re Macher)*, 303 B.R. 798, 805 (Bankr. W.D. Va. 2003) ("When . . . [a] § 362 injunction is in place and the IRS has filed a proof of claim against the relevant debtor-in-possession, the IRS must act in accordance with the Bankruptcy Code . . . ."). A court must also consider the statutory as well as the judicially created exceptions to the AIA. *See* 26 U.S.C. § 7421(a). In addition to the statute's express exceptions, the Supreme Court recognized a judicially created exception to the AIA if a party can show both (1) an irreparable injury and (2) certainty of success on the merits. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974). A court can only issue an injunction "if it is clear that under no circumstances could the Government ultimately prevail . . . ." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6-7 (1962).

Even accepting as true all the factual allegations in the Debtor's pleadings, as well as the reasonable inferences that can be drawn from them, the court will grant the Defendant's motion to dismiss. The Debtor failed to, and indeed cannot, sufficiently state a plausible claim to re-instate the automatic stay or a similar injunction. *See* 11 U.S.C. § 362(c)(3)-(4). Simply put, the AIA protects the Defendant's collection activities. In this case, the automatic stay expired, no statutory exceptions to the AIA apply, and the Debtor failed to articulate facts in support of both factors to the AIA's judicially created exception. Thus, the AIA prohibits the Debtor's attempt to prevent the Defendant from collecting on the outstanding tax debt.

Moreover, the Debtor merely requested that the court "re-impose the automatic stay as to [the] IRS pending an interim, or final distribution by the Trustee sufficient to satisfy the priority debt claim." However, that relief is not available under the Bankruptcy Code. Rather, relief in that regard is available only by injunction, and the Debtor failed to plead facts to support the four factors to impose a permanent injunction. The only injury alleged by the Debtor is the garnishment of her social security income. However, it is unlikely that such garnishment at a rate of $250.00 per month from her $1,672.00 income for a non-discharged debt amounts to irreparable harm. Simply put, the Debtor owes the IRS for its non-dischargeable claim.

Therefore, no relief could be granted under any set of facts given in the complaint, nor any inferences from them that could be proven consistent with the allegations in the Debtor's amended

8

complaint or response.  The Defendant's motion to dismiss regarding the re-imposition of the automatic stay and the issuance of an injunction of similar import is granted.

### ii.     Assignment or Subrogation of the IRS's Priority Claim to the Debtor

The Defendant also seeks to dismiss the Debtor's action under § 509(a) for failure to state a claim upon which relief may be granted.  Specifically, the Defendant claims that § 509(a) does not allow the court to compel the Defendant to assign or subrogate its claim because the bankruptcy estate and the Debtor are not "co-debtors."  The Defendant refers to § 541 for support.  The Defendant claims that the bankruptcy estate exists as a "mere consolidation of various property of the debtor, not a separate and independent co-debtor."  Thus, the provisions of § 509 are inapplicable and unavailable to the Debtor.  The Defendant also states that the Debtor's payment of the claim will satisfy and legally extinguish it, leaving no claim to assign or subrogate.  Conversely, the Debtor argues that the bankruptcy estate and the Debtor are "co-debtors" within the scope of this "sufficiently ambiguous" statute.  Mainly, the Debtor relies on her claim that the bankruptcy estate is a separate, jointly and severally liable entity for the debt.

The court views the present controversy as a matter of statutory interpretation of the Bankruptcy Code and its application to the current situation. In relevant part, § 509 provides that:

> Except as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.

11 U.S.C. § 509(a). Notably, Congress did not use the terms "co-obligor" or "co-debtors" in the drafting of the statute, but rather used the phrase "an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor." 4 COLLIER ON BANKRUPTCY ¶ 509.01 n.1 (Richard Levin & Henry J. Sommer eds., 16th ed.).[2]  However, Congress did use the term "co-debtor" in formatting the legislative history of § 509 to refer to the types of entities that may seek subrogation.  "The legislative history to § 509 indicates that it was designed to describe rights available to a limited class of creditors, namely, true co-debtors who have actually paid a debtor's obligation to the third party in question." *Hamada v. Far E. Nat'l Bank (In Re Hamada),* 291 F.3d 645, 650 (9th Cir. 2002) (emphasis added).  Thus, § 509 appears "chiefly aimed at claims of

---

[2] Similarly, but distinct from 11 U.S.C. § 509(a), a co-debtor under Chapter 13 is generally defined as "any individual that is liable on such debt with the debtor . . . ." 11 U.S.C. 1301(a).

9

sureties, guarantors and co-makers, although these terms do not appear in the text." 4 COLLIER ON BANKRUPTCY ¶ 509.02[2] (Richard Levin & Henry J. Sommer eds., 16th ed.).

A surety is "someone who is primarily liable for paying another's debt or performing another's obligation . . ." BLACK'S LAW DICTIONARY (11th ed. 2019).  A guarantor is "someone who makes a guaranty or gives security for a debt [and w]hile a surety's liability begins with that of the principal, a guarantor's liability does not begin until the principal debtor is in default." *Id*.  A co-maker is defined as "someone who participates jointly in borrowing money on a promissory note; esp., one who acts as surety under a note if the maker defaults." *Id*.  "The statute looks to the relationship between the debtor and the co-obligor in terms of which one received the consideration giving rise to the joint obligation." 4 COLLIER ON BANKRUPTCY ¶ 509.02[2] (Richard Levin & Henry J. Sommer eds., 16th ed.).  Section 509(a) "does not control equitable subrogation claims of persons who are not co-debtors." *Anderson v. Suntrust Mortg., Inc. (In re Judd)*, 471 B.R. 830, 839 (D.S.C. 2012); *see In re Scott*, No. 05-41825-JDP, 2009 Bankr. LEXIS 2887 (Bankr. D. Idaho Sept. 10, 2009).

The court in *In re Scott* briefly discussed the applicability of § 509 in a manner related to the case at hand.  There, the debtor requested to step into the shoes of a priority child-support creditor to receive a payment that he intended to be made from the bankruptcy estate to the State of Washington. *In re Scott*, No. 05-41825-JDP, 2009 Bankr. LEXIS 2887, at *11 (Bankr. D. Idaho Sept. 10, 2009).  Most of the priority child-support claim was paid via the creditor's garnishment of the debtor's bank account, so the debtor contended that Trustee should pay the amount that would have been used to satisfy that claim to him. *Id*. at *5.  Despite the debtor's search for an equitable solution to his problem, the court found prejudice to the other parties from his approach. *Id*. at *11.  The court found no statutory authority for debtor's proposal to be subrogated to the rights of the priority child-support creditor. *Id*.  In a footnote, the court stated that "§ 509 . . . is limited to 'an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor . . . .'" *Id*. n.5.  However, the court found that the debtor, not a co-debtor, paid the creditor's claim; so it found the statute inapplicable. *Id*.

Furthermore, in *Houghton v. United States Dep't of Treasury IRS (In re Szwyd)*, the United States proposed to take money from the bankruptcy estate, which would have been available to unsecured creditors, to pay for an outstanding tax debt. 394 B.R. 242, 245 (Bankr. D. Mass. 2008). However, the court stated that "[t]o allow the United States to satisfy its claims first from the

bankruptcy estate would do little more than reward a Debtor who failed to pay his tax obligations and punish unsecured creditors . . . ." *Id*. at 245-246.

Even after accepting as true all the factual allegations in the Debtor's pleadings, as well as the reasonable inferences that can be drawn from them, the court will grant the Defendant's motion to dismiss with respect to the § 509(a) claim. The court finds § 509(a) inapplicable. Notably, the statute gives relief to "an entity that is liable with the debtor . . . ." 11 U.S.C. § 509(a). Although the legislative history includes sureties, guarantors, or comakers as entities to which § 509(a) applies, the court perceives that list to be non-exhaustive. In any event, the court is confident and it is clear that this universe does not include the Debtor, as she cannot be "an entity liable with [herself] . . . ." *See id.*

Put simply, the court finds *In re Scott* and *In re Szwyd* dispositive. The court agrees that § 509 would apply an entity that is liable with the Debtor on, or that has secured, a claim of a creditor against the Debtor. However, the Debtor's argument is similar to that in *In re Scott* because the Debtor, not a co-debtor, is paying the creditor's claim. Thus, § 509(a) cannot not apply. Furthermore, the Debtor claims that she would be "punished" and "suffer the loss of an opportunity to be reimbursed" if the Defendant's claim is not assigned or subrogated as requested. Unfortunately, that is not a consideration for the court in analyzing § 509(a). Based upon its explicit terms, the statute does not apply to debtors, but only those entities "liable with [a] debtor." Additionally, like the court in *In re Szwyd*, the court finds that allowing the Debtor to pay the IRS for a non-dischargeable pre-petition tax debt would reward the Debtor for her failure to pay her tax obligations and unnecessarily punish unsecured creditors. Therefore, the court will dismiss the Debtor's § 509(a) claim.

### C. CONCLUSION

Based upon the foregoing discussion, the court will grant the Defendant's motion in part and deny in part. Specifically, the court will not dismiss this case for a lack of subject matter jurisdiction. However, the court will dismiss part of this proceeding because the Debtor failed to adequately plead nor could she support any viable legal claim to reinstate the automatic stay or similar injunction, and the court will dismiss part of this proceeding without prejudice for a failure to state a claim upon which relief may be granted under § 509(a).[3]

---

[3] The court would entertain a different, equitable request for relief stemming from the bankruptcy case such as a request for an interim distribution.

**ORDER**

For the reasons set forth above, it is

ORDERED that the Motion to Dismiss filed by the United State of America, on half of its agency the Internal Revenue Service, on January 13, 2020 (Document No. 23), be and hereby is GRANTED IN PART and DENIED IN PART. It is

SO ORDERED.
/s/ David L. Bissett
David L. Bissett
United States Bankruptcy Judge