Order Entered.

_____
David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHEILA K. GLASPELL, | ) | Case No.: 5:17-bk-00301 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| SHEILA K. GLASPELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No.: 5:19-ap-36 |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| ON BEHALF OF ITS AGENCY THE | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

The United States of America on behalf of its agency the Internal Revenue Service (the "Defendant") seeks dismissal of the second amended adversary complaint filed against it by Sheila K. Glaspell (the "Debtor"). In the alternative, it asks for summary judgment. In its motion, the Defendant contends that the court should dismiss this adversary proceeding because the Debtor failed to state a claim upon which the court can grant relief. In the alternative, the Defendant contends that this proceeding warrants summary judgment, because there are no genuine issues of material fact and it is entitled to judgment as a matter of law. The Debtor seeks subrogation of the Defendant's claim if she can pay the claim in full under the doctrine of equitable subrogation.

For the reasons stated herein, the court will grant the Defendant's motion to dismiss.

1

I. BACKGROUND

On August 16, 2019, the Debtor filed its complaint, initiating this adversary proceeding. She filed her first amended complaint on December 9, 2019. On August 7, 2020, the court issued a memorandum opinion regarding the Debtor's first amended complaint and the Defendant's motion to dismiss, or in the alternative, motion for summary judgment. *Glaspell v. United States (In re Glaspell)*, Adv. No. 5:19-ap-36, 2020 Bankr. LEXIS 2127, at *1 (Bankr. N.D.W. Va. Aug. 7, 2020). The court incorporates the factual background of its prior opinion herein. Except for denying the Defendant's motion for lack of subject matter jurisdiction, the court granted the Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* at *21. Notably, however, the court dismissed the Debtor's amended complaint without prejudice. *Id*. It indicated that it "would entertain a different, equitable request for relief stemming from the bankruptcy case such as a request for an interim distribution." *Id.* at *21 n.3.

On August 12, 2020, the Debtor filed her second amended complaint and a motion for interim distribution in the bankruptcy case. The court granted the motion for interim distribution on September 10, 2020. On September 3, 2020, the Defendant filed its second motion to dismiss, or in the alternative, motion for summary judgment. The court took the matter under advisement on September 15, 2020.

II. STANDARD OF REVIEW

The Defendant invokes subparagraphs (1) and (6) of Fed. R. Civ. P. ("Rule") 12(b) in seeking dismissal of the Debtor's complaint. Additionally, it implicates Rule 56 in seeking summary judgment. However, the court only will address the Rule 12(b) motion.

Under Rule 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

2

(quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In fact, the court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

### III.    DISCUSSION

The Defendant seeks to dismiss the Debtor's second amended complaint for a failure to state a claim upon which relief can be granted. Specifically, it argues that Rule 15 barred the Debtor from filing her second amended complaint. Moreover, it contends that the doctrine of res judicata bars the Debtor from litigating her second amended complaint, nor can she support any viable claim to equitable subrogation.

The Debtor argues that she stated a claim upon which relief can by granted. Specifically, she claims that the case was not entirely dismissed and that amending her pleading appeared to be permissible. Moreover, she claims her amended pleading states a viable claim under the doctrine of equitable subrogation. Under this doctrine, the Debtor contends that the Defendant's claim can be assigned to her on proof of satisfaction of the claim. In support her claim, the Debtor cites to *United States v. Noland*, 517 U.S. 535 (1996)[1]; *Mort v. United States*, 86 F.3d 890, 894 (9th Cir. 1996); and *Ray v. Donohew*, 177 W.Va. 441 (1986). Under *Donohew*, she claims that West Virginia courts describe the right of subrogation as fact dependent, but generally one person or entity, who pay the bills of another, can begiven the rights of the payee.

Rule 15 permits parties to amend their pleadings under certain circumstances. A party may amend its pleading once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), if the pleading is one to which a responsive pleading is required. Fed. R.

---

[1] Bankruptcy courts are courts of equity. *Noland*, 517 U.S. at 539. However, they cannot fashion relief merely because a result may be inequitable. *Id*.

3

Civ. P. 15(a)(1)(a), (b). Notably, in other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(2). "The court should freely give leave when justice so requires." *Id*.

Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. *First Union Commer. Corp. v. Nelson, Mullins, Riley, & Scarborough (In re Varat Enters.)*, 81 F.3d 1310, 1314-15 (4th Cir. 1996). As applied by the Fourth Circuit, the doctrine of res judicata encompasses two concepts: claim preclusion, which bars later litigation of all claims that were actually adjudicated or that could have been adjudicated in an earlier action; and issue preclusion, which bars later litigation of legal and factual issues that were "actually and necessarily determined" in an earlier action. *Id*. at 1315. The doctrine of res judicata applies in the bankruptcy context. *Brown v. Felsen*, 442 U.S. 127, 132 (1979); *Turshen v. Chapman*, 823 F.2d 836, 839 (4th Cir. 1987). Res judicata bars not only those claims that were actually raised during prior litigation, but also those claims that could have been raised. *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 247 (4th Cir. 2015). A prior bankruptcy judgment has res judicata effect when the following three conditions are met:

> (1) [T]he prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and, (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enters.*, 81 F.3d at 1315. Notably, however, "[d]ismissals without prejudice do not bar subsequent suits by res judicata." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993). "[I]f the court specifies that a dismissal is without prejudice, there is no claim preclusion." *Redden v. Sandy*, No. 1:18cv187, 2020 U.S. Dist. LEXIS 51174, at *37 n.16 (N.D.W. Va. Feb. 5, 2020).

Both subrogation under § 509 of the Bankruptcy Code and equitable subrogation under state law are available in bankruptcy proceedings. *In re Houston*, 409 B.R. 799, 808 (Bankr. D.S.C. 2009). Equitable subrogation is a state-law doctrine which allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance. *Mort*, 86 F.3d at 893. In West Virginia, "[t]he doctrine of subrogation is that one who has the right to pay, and does pay, a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other." *Donohew*, 177 W. Va. at 449.

"[S]ubrogation is a derivative right founded upon principles of justice and equity." *Id*. The right of subrogation depends upon the facts and circumstances of each case. *See id*. Specifically, the doctrine applies "where a relationship of principal and surety or a relationship of primary and secondary liability exists, and the surety or the person with secondary liability has discharged the debt of the other pursuant to some legal liability." *Id*. "The right of subrogation arises when a surety has pledged property for the debt of another as well as when the surety is personally liable to pay the debt of another." *Id*. "The remedy against the principal is based on the principal's implied promise to reimburse whatever sum the subrogee was required to pay with legal interest thereon." *Id*.

However, the doctrine "will not be applied in every instance where a party secondarily liable has paid or otherwise discharged the debt of a party principally liable thereon." *Id*. "As a general rule, subrogation will not be decreed until the entire debt has been paid." *Id*. Moreover, subrogation will not be allowed "except where the subrogee has a clear case of right and no injustice will be done to another." *Id*.

In *Mort*, the Appellants were the assignees of a promissory note secured by a deed of trust who brought an action for injunctive relief and a declaratory judgment that their trust deed interest was superior to a federal tax lien. *Id*. at 892. The Appellants acquired their interest after the IRS filed a tax lien on their property but argued that they were entitled to be equitably subrogated to the priority position of the lender whose loan was paid off by their assignor. *Id*. Ultimately, the Appellants were entitled to be equitably subrogated under the applicable state law.[2]

In *Donohew*, the Supreme Court of Appeals of West Virginia, looking at the specific facts and circumstances of the case, held that the appellants had a clear right to subrogation, that no injustice would be done to the appellees, and to hold otherwise would result in a grave injustice to the appellants. 177 W.Va. at 450. In that case, the parties initially agreed to be bound by a promissory note and deed to trust with the National Bank of Commerce of Charleston (the "Bank") to purchase real property. *Id*. at 443. Ultimately, the appellees agreed to release the appellants of liability; however, in order to substitute the original promissory note, the Bank would not release of any of the rights it had with respect to the appellants unless they reaffirmed their pledge of bonds with respect to the parties' original promissory note. *Id*. at 444. The appellees eventually

---

[2] The court in *Mort* applies Nevada law. However, it also looked to the law of other states to supplement Nevada equitable subrogation law. *Mort*, 86 F.3d at 893.

5

defaulted under the subsequent promissory note and the Bank's trustees sold the appellants' bonds. *Id*. at 445. The court allowed the appellants to recover from the appellees the amount of the deficiency paid from the sale of the bonds less amounts recovered, because the appellant's bonds were sold to discharge a debt which ought to have been paid by the appellees. *Id*. at 450.

The court will address each of the Defendant's arguments in turn. As an initial matter, the Debtor did not file her second amended complaint as a matter of course. However, because the court dismissed the complaint without prejudice and allowed her to seek a different, equitable request for relief, the court invited the Debtor to file an additional amended complaint. Thus, the Debtor was not barred under Rule 15 from filing her second amended complaint. The court will therefore deny the Defendant's motion to dismiss in that regard.

Additionally, res judicata does not bar the Debtor's second amended complaint. With respect to the requirements for res judicata, the second and third requirements are clearly met. However, the first requirement is not satisfied. Because the court rendered its prior judgment without prejudice, the court did not render a final judgment on the merits. *See Choice Hotels Int'l, Inc.*, 11 F.3d at 473. Therefore, res judicata is not applicable here to bar the Debtor's claim.

In its prior ruling, the court dismissed the Debtor's claim that if she paid the Defendant in full, then she was entitled to be subrogated to the Defendant's claim under § 509. *In re Glaspell*, 2020 Bankr. LEXIS 2127, at *21. The Debtor now claims that she may use the doctrine of equitable subrogation to achieve the same desired result. The court nevertheless finds that the Debtor's second amended complaint fails to state a claim upon which relief can be granted based on the specific facts and circumstances in this case.

Although cited by the Debtor in support of her argument, this case is factually distinguishable from *Mort* and *Donohew*. The former applied Nevada law with respect to equitable subrogation. The Debtor here attempts to apply West Virginia equitable subrogation law. In addition, this case is distinguishable from *Donohew*. While West Virginia courts may generally apply equitable subrogation to a person or entity that pay the bills of another, they expressly require that a "relationship of principal and surety or a relationship of primary and secondary liability exists, and the surety or the person with secondary liability has discharged the debt of the other pursuant to some legal liability." *Donohew*, 177 W. Va. at 449. Here, there is no agreement between the parties regarding liability in that regard. The relationship between the Debtor's estate and the Debtor is not one "of principal and surety or a relationship of primary and secondary

liability." *See id*. The Debtor cannot be an entity liable with herself. *In re Glaspell*, 2020 Bankr. LEXIS 2127, at *20. Particularly, she is not a surety, guarantor, or co-maker of the debt at issue, nor did she pledge any property for the debt of the estate. *See id*. Because the relationship between the Debtor and her bankruptcy estate is not of one of principal and surety or of primary and secondary liability, equitable subrogation principles cannot apply in this circumstance. In addition, the Debtor has not paid the entire debt owed to the Defendant to date. The court granted the Debtor's motion for an interim distribution, however it is unaware of what the amount of, if any, the distribution has been made to date. Finally, even if allowed, equitable subrogation of the claim may reward the Debtor for her failure to pay tax obligations and cause unnecessarily injustice unsecured creditors. *Id*. at *21.[3] Therefore, the court will dismiss the Debtor's second amended complaint with prejudice.

## IV.    CONCLUSION

Based upon the foregoing discussion, the court will grant the Defendant's motion to dismiss with prejudice. Specifically, the court will dismiss this proceeding because the Debtor failed to adequately plead, nor could she support, any viable legal claim to equitable subrogation.

---

[3] In her second amended complaint, the Debtor, via hypothetical based on assumed facts in the case, believes that the trustee will make a $60,000.00 distribution in the case. Under the scenarios proposed by the Debtor that favor her, unsecured creditors would receive a smaller distribution.